United States District Court
Southern District of Texas
ENTERED
August 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jose Villegas and Emma Villegas, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-1644 |
| | § | |
| State Farm Lloyds, | § | |
| | § | |
| *Defendant*. | § | |

**JUDGE PALERMO'S
REPORT AND RECOMMENDATION AND ORDER**

This is a property-insurance case. ECF No. 1.[1] Defendant State Farm Lloyds ("State Farm") moves for summary judgment on all Plaintiffs Jose and Emma Villegas' claims. ECF Nos. 14, 15.[2] State Farm also moves to strike James Wesselski and Luis Mendoza as expert witnesses. ECF No. 20.[3]

Having considered the parties' briefing, the summary judgment record, and the applicable law, the Court recommends State Farm's motion for summary judgment be granted. ECF No. 14. Finding summary judgment appropriate, the Court denies as moot the motion to strike. ECF No. 20.

## I. BACKGROUND

The facts are straightforward. Plaintiffs bought a homeowners insurance

[1] The district judge referred all pretrial proceedings under 28 U.S.C. § 636. ECF No. 16.
[2] Plaintiffs responded, ECF No. 17, and State Farm replied, ECF No. 18.
[3] Plaintiffs responded. ECF No. 22.

policy from State Farm to insure their house in Houston, Texas. ECF No. 15 at 7; ECF No. 17 at 3. The policy covers "accidental direct physical loss" caused by wind or hail. ECF No. 15-1 at 35. The wind-and-hail coverage was subject to a $4,264 deductible. ECF No. 15-2 at 30; ECF No. 17-2 at 4.

On July 8, 2024, Hurricane Beryl hit Houston, damaging Plaintiffs' house. ECF No. 15 at 8; ECF No. 17 at 3. Plaintiffs filed a claim with State Farm on July 25, 2024, reporting that some "[s]hingles were blown off" or "lifted" and "water leak[ed] into [the] residence," with "humidity visible in [the] ceiling." ECF No. 15-2 at 15. State Farm received "the claim on the same day," assigned Katrina Thornton as the adjuster, and "scheduled an inspection for August 1, 2024." ECF No. 17 at 3.

During her inspection, Thornton "observed limited wind damage on the [roof's] front and back slopes," the "right hip/ridge of the roof," and the patio's oriented standard board ("OSB") sheathing. ECF No. 15 at 8; ECF No. 15-2 at 13. She also noted prior damage to the metal soffits and fascia board, the latter from wood rot. ECF No. 15-2 at 13.

Thornton ultimately determined that 15 shingles, "5 linear feet of the hip/ridge cap," and 200 square feet of OSB sheathing were damaged and estimated it would cost $2,099.26 to repair or replace. ECF No. 15 at 10; ECF No. 15-2 at 73. State Farm relayed the estimate to Plaintiffs and explained that the cost fell below their $4,264 deductible for wind and hail damage. ECF No. 15-2 at 30, 63.

Mr. Villegas was not satisfied; he wanted the roof replaced, not merely repaired, and believed his deductible was "$2,000 something" as opposed to $4,264. ECF No. 15-2 at 8–9.[4] On December 5, 2024, State Farm received a letter from Plaintiffs' counsel, demanding $13,820.74 in damages plus statutory interest and attorney fees. ECF No. 15-7 at 5–6. Four days later, State Farm stood on its decision and denied the demand. ECF No. 15 at 11; ECF No. 15-2 at 7.

On March 10, 2025, Plaintiffs sued State Farm in Texas state court. ECF No. 1-3. State Farm removed to federal court based on diversity jurisdiction. ECF No. 1. For claims, Plaintiffs allege that State Farm (1) breached the policy, (2) violated the Texas Prompt Payment of Claims Act, (3) violated §§ 541.051, 541.060, and 541.061 of the Texas Insurance Code, and (4) violated its duty of good faith and fair dealing by failing to conduct a good faith inspection of the property, resulting in a lowball estimate. ECF No. 1-3 at 9–11, ¶¶ 17–28.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Cory v. Stewart*, 103 F.4th 1067, 1072–73 (5th Cir. 2024) (quoting FED. R.

[4] State Farm seems to think Mr. Villegas confused his $2,132 deductible for "other losses" with his $4,264 deductible for wind and hail damage. ECF No. 15 at 10; ECF No. 17-2 at 4. In any event, Plaintiffs do not dispute that the applicable wind-and-hail deductible is $4,264 in this lawsuit.

CIV. P. 56(a)). "A fact is material if it could affect the suit's outcome under governing law." *Reynolds v. Kuraray Am., Inc.*, No. 4:22-CV-00182, 2026 WL 861071, at *2 (S.D. Tex. Mar. 30, 2026). "And '[a] dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* (internal quotation marks omitted) (alteration in original) (quoting *TIG Ins. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)). Conversely, "[t]here is no genuine issue for trial when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The moving party 'always bears the initial responsibility of informing the district court of the basis for its motion' and identifying the record evidence that 'it believes demonstrate[s] the absence of a genuine issue of material fact.'" *Reynolds*, 2026 WL 861071, at *2 (alteration in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Id.* (alterations in original) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

"'[O]nce a movant who does not have the burden of proof at trial makes a

properly supported motion for summary judgment, the burden shifts to the nonmovant to show that the motion should not be granted' by 'identify[ing] specific evidence in the record and articulat[ing] the precise manner in which that evidence supports her claim.'" *Associated Prof'l Educators of La. v. Edu20/20, L.L.C.*, No. 24-30640, 2026 WL 448019, at *8 (5th Cir. Feb. 18, 2026) (second and third alterations in original) (quoting *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016)). The district court does not "have a duty to sift through the record in search of evidence to support the nonmovant's opposition to summary judgment." *Id.* (internal quotation marks omitted) (quoting *Edwards*, 841 F.3d at 363).

Courts must "resolve factual controversies in favor of the nonmoving party" but need "not consider 'conclusional allegations and unsubstantiated assertions.'" *Cory*, 103 F.4th at 1073 n.8 (first quoting *Little*, 37 F.3d at 1075; and then quoting *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011)).

## III. STATE FARM IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiffs assert contractual and extracontractual claims, alleging that State Farm "inadequately and/or improperly investigat[ed]," denied, or underpaid Plaintiffs' claim for wind damage caused by Hurricane Harvey. ECF No. 1-3 at 9, ¶ 17.

### A. Plaintiffs Submit No Evidence to Substantiate Their Contractual Claim.

The essence of this dispute revolves around the amount of wind damage

Hurricane Harvey caused to Plaintiffs' property on July 8, 2024. State Farm contends the storm only caused $2,099.26 in wind damage. ECF No. 15 at 10–11. To support that number, State Farm cites Thornton's damage estimate, ECF No. 15-2 at 3 (¶¶10–12), 28–35, 63–65, and an expert report from Jordan Beckner, a licensed professional engineer, ECF No. 15-3 at 7–41.

Beckner found no "shingles that were creased, torn, displaced, or missing in a manner consistent with the effects of wind pressure," although he did observe three shingles "with jagged tears" consistent with impact from "fallen tree limbs" and some other hip and field shingles "with dull, weathered abrasions consistent with repetitive contact with tree limbs." ECF No. 15-3 at 17. His analysis aligned with "historical aerial and Google Street View imagery," which "depict[ed] tree limbs in contact with th[e] hip for several years prior" to July 8, 2024. *Id.* "The meteorological data," Beckner opined, also "indicate[d] that the wind speeds at the [Plaintiffs'] property on [July 8, 2024,] were below the code-required design wind speeds and less than that which laminated shingles are typically rated and able to withstand." ECF No. 15-3 at 38. Based on this evidence, he concluded that Plaintiffs' roof sustained only "minor wind damage" that was "possibly caused" by Hurricane Harvey, corroborating Thornton's findings. *Id.*

For their part, Plaintiffs argue that the storm caused much more damage than State Farm estimated, exceeding their $4,264 deductible. ECF No. 17 at 2. For this,

they attach estimates from two independent contractors and an expert report from James Wesselski of WesGroup Consulting LLC, ECF No. 17-7. The first contractor estimate—produced by an operator referred to as Orozcoco—is attached to Plaintiffs' November 29, 2024 pre-suit demand letter to State Farm. ECF No. 17-5 at 7. It consists of a few line-item pages that tally up to $26,468.69 in repair costs, *id.* at 8–11; seventy caption-less pictures of Plaintiffs' roof shingles and fence, *id.* at 12–46; images and diagrams from Eagleview, presumably a house imaging and modeling software used in assessing property damage, *id.* at 47–54; and pictures of Plaintiffs' damaged washer, countertop microwave, and refrigerator, *id.* at 55–57. The report does not include any narrative explanation nor indicate what caused the damage.

The second contractor estimate is from Mendoza Roofs and More. ECF No. 17-6. Like the first estimate, it consists of three line-item pages totaling $12,460 in repairs, *id.* at 1–3, along with two unexplained pictures of shingles from Lowes' website, *id.* at 4–5. Again, no narrative or causation analysis.

Unlike the contractor estimates, Wesselski's report does include a short, one-page narrative. ECF No. 17-7 at 1. Wesselski explains that someone from WesGroup Consulting inspected Plaintiffs' house on November 25, 2025, and reviewed Plaintiffs' and State Farm's 2024 damage estimates. *Id.* He concluded "that the damage at the residence was caused by a wind loss occurring on . . . July 8, 2024,"

*id.*, and estimated the damage to be $34,218.23, *id.* at 7. The remainder of his report includes pictures of the roof and property. *Id.* at 10–40.

The Court finds these estimates and reports insufficient to raise a fast issue. "[T]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *JILL Schroeder & Tex. Permit Consultants, LLC v. Am. Modern Prop. & Cas. Ins. Co.*, No. 4:24-CV-4566, 2026 WL 2376398, at *2 (S.D. Tex. Aug. 14, 2026) (quoting *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)). It is axiomatic that "[a]n insurer is liable only for losses covered by the policy." *Matter of New York Inn, Inc.*, No. 24-10338, 2025 WL 999084, at *4 (5th Cir. Apr. 3, 2025) (quoting *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018)). Thus, "[t]he insured bears the burden of proving they suffered a loss and that the loss is covered by the relevant insurance policy." *Id.*; *Data Specialties, Inc. v. Transcon. Ins. Co.*, 125 F.3d 909, 911 (5th Cir. 1997) ("[T]he insured must prove that its claim falls within the insuring agreement of the policy.").

Here, Plaintiffs fail to present any evidence that the damage identified in either contractor estimate was caused by wind from Hurricane Harvey on July 8, 2024. Indeed, nothing in the estimates indicates that the contractors even tried to determine

what caused the damage. By the looks of it, they may have simply inspected Plaintiffs' property for *any* damage and calculated what it would cost to fix. But that misses the point, since the only damages at issue in this case are those specifically caused by *wind* on *July 8, 2024*. Estimates that do not account for or allocate those damages separately are useless.

At first glance, Wesselski's report appears to remedy this deficiency, stating "that the damage at the residence was caused by a wind loss occurring on . . . July 8, 2024." ECF No. 17-7 at 1. Normally, that would be enough to establish a fact issue for the experts to hash out at trial. Except Wesselski promptly abandoned that position during his deposition. For example, when asked whether he was "holding [himself] out to give an opinion that wind caused unsealed shingles on this roof on th[e] specific date of loss [July 8, 2024]," Wesselski answered, "no." ECF No. 15-8 at 87:16–19. He further clarified that he is not "an expert on wind dynamics" and was not opining on "what effect wind had on Mr. Villegas' roof on July 8, 2024." *Id.* at 87:20–23. State Farm's attorney then inquired, "am I correct in understanding that you [Wesselski] are not here to testify as to what date the wind caused the specific items of damage that you've identified on [Plaintiffs'] roof?" *Id.* at 89:12–15. "Correct," Wesselski responded. *Id.* at 89:16. In fact, he had "not [even] investigated that question." *Id.* at 89:17–19. Putting the nail in the coffin, State Farm's attorney asked point blank whether Wesselski intended "to be an expert as

to causation in this case," to which he replied, "correct." *Id.* at 91:1–3. "[S]o your testimony should *not* . . . mean—or be taken to mean that certain damage resulted from wind on a specific date, correct?" *Id.* at 91:4–6 (emphasis added). "*Correct*." *Id.* at 91:7 (emphasis added).

As a result, Wesselski's report, just like the two contractor estimates, is irrelevant because it does not establish whether or otherwise allocate which damages were caused by wind on July 8, 2024. Wesselski, by his own admission, does not and cannot identify what damage is covered by the policy—much less dispute that State Farm's $2,099.26 estimate for covered damage is too low. Put differently, it is entirely possible that both Wesselski and State Farm are correct: perhaps it would cost $34,218.23 to repair all the damage to Plaintiffs' house based on Wesselski's 2025 inspection. At the same time, perhaps only $2,099.26 of that damage was caused specifically by wind on July 8, 2024, as State Farm contends. These numbers do not necessarily conflict.

In sum, Plaintiffs provide zero evidence to dispute State Farm's finding that Hurricane Harvey caused covered wind damage to their house on July 8, 2024, in an amount that fell below their policy deductible. Accordingly, they cannot establish their breach-of-contract claim and State Farm is therefore entitled to summary judgment. *See, e.g.*, *Hamilton Properties v. Am. Ins. Co.*, 643 F. App'x 437, 442 (5th Cir. 2016) (granting summary judgment on breach-of-contract claim where

plaintiff's expert could not "segregate damages for only that property damage caused by *covered perils that occurred within the policy period*" (emphasis added)); *Rivera v. AmGuard Ins. Co.*, No. CV H-23-2075, 2025 WL 375058, at *5 (S.D. Tex. Jan. 15, 2025) (granting summary judgment where plaintiff's expert gave "an estimate of damages but s[aid] nothing about the cause of those damages" because "there [wa]s no evidence from which a reasonable jury could place a dollar figure on the covered losses in this case"), *adopted*, No. CV H-23-2075, 2025 WL 373444 (S.D. Tex. Feb. 3, 2025).

### B. Plaintiffs Submit No Evidence to Substantiate Their Extracontractual Claims.

Plaintiffs also assert extracontractual claims under the Texas Prompt Payment of Claims Act, several sections of the Texas Insurance Code, and the duty of good faith and fair dealing. ECF No. 1-3 at 9–11, ¶¶ 17–28.

"Under Texas law, '[w]hen the issue of coverage is resolved in the insurer's favor, extracontractual claims do not survive.'" *Shree Rama, LLC v. Mt. Hawley Ins. Co.*, No. 1:21-CV-91, 2022 WL 18456616, at *6 (S.D. Tex. Dec. 6, 2022) (alteration in original) (quoting *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010)), *adopted*, No. 1:21-CV-00091, 2023 WL 375358 (S.D. Tex. Jan. 24, 2023), *aff'd*, No. 23-40123, 2023 WL 8643630 (5th Cir. Dec. 14, 2023); *Matter of New York Inn, Inc.*, No. 24-10338, 2025 WL 999084, at *9 (5th Cir. Apr. 3, 2025). "This principle applies to alleged violations of the Texas Insurance Code and breach of the common

law duty of good faith and fair dealing," *Shree Rama*, 2022 WL 18456616, at *6, and "follows from the principle that '[i]f the insurer violates a statutory provision [or common law duty of good faith], that violation—at least generally—cannot cause damages in the form of policy benefits that the insured has no right to receive under the policy,'" *Matter of New York Inn*, 2025 WL 999084, at *9 (alterations in original) (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 492–93 (Tex. 2018)). There is one narrow exception to this rule that applies "'only if the damages are truly independent of the insured's right to receive policy benefits' and the extra-contractual claims 'are [not] predicated on [the loss] being covered under the insurance policy.'" *Matter of New York Inn*, 2025 WL 999084, at *9 (alterations in original) (quoting *Menchaca*, 545 S.W.3d at 499–500).

Here, Plaintiffs' extracontractual claims are predicated entirely on State Farm's determination that they were not entitled to policy benefits because the wind damage did not exceed their deductible. ECF No. 17 at 8–10. They submit no evidence showing they have suffered any independent injuries. Accordingly, State Farm is entitled to summary judgment on the extracontractual claims as well.

## IV. CONCLUSION

Accordingly, the Court **RECOMMENDS** State Farm's motion for summary judgment, ECF No. 14, be **GRANTED**.

Finding summary judgment appropriate, the Court **DENIES** as moot State

Farm's motion to strike. ECF No. 20. It may re-urge the motion later, if necessary.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

**IT IS SO ORDERED.**

Signed at Houston, Texas, on August 26, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**